IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

**EDWARD GILLESPIE,**

    *Plaintiff*,

    v.

**UNITED STATES OF AMERICA,** *et al.*,

    *Defendant*.

Civil No.: 1:23-cv-02189-JRR

### MEMORANDUM OPINION

*Pro Se* Plaintiff Edward R. Gillespie brings this action against Defendants the United States of America (the "United States"), Dr. Manjula Borge, and Kristen Gordy. Pending now before the court is the United States' Motion to Dismiss (ECF No. 18; the "Motion"). Plaintiff has not opposed the Motion. The court has reviewed all papers; no hearing is necessary. Local Rule 105.6 (D. Md. 2023). For the reasons that follow, by accompanying order, the Motion will be granted.

**I.   BACKGROUND[1]**

Plaintiff initiated this action in the District Court of Wicomico County, Maryland on January 23, 2023 (Case No. D-023-CV-23-007477) against Three Lower Counties Community Services, Inc. d/b/a Chesapeake Health Care ("Chesapeake Health Care"), and its employees Dr. Manjula Borge d/b/a Zion-Wellness Center, LLC ("Defendant Borge") and Kristen Gordy. (ECF No. 4; the "Complaint"). Plaintiff was a patient who received medical care at Chesapeake Health Care for his suicidal ideation. *Id.* at p. 1. Plaintiff alleges issues with his treatment, including that Defendant Gordy did not contact him despite saying she would, and that Defendant Borge "told [him] that they would only prescribe one medication, and if it didn't work, then they would not

---

[1] For purposes of resolving the Motion, the court accepts as true all well-pled facts set forth in the Complaint. (ECF No. 4.) *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 255 (4th Cir. 2009).

continue to work with [him] or find a medication that works." *Id.* Plaintiff "feel[s] that both Defendant's [sic] failures within the medical field were a direct cause [of his] self-harm and continued agony." *Id.*

Plaintiff's allegations amount to a claim of medical malpractice by Chesapeake Health Care and its Defendant employees. Pursuant to the Federally Supported Health Centers Assistance Act ("FSHCAA"), 42 U.S.C. § 233, Defendant removed the action to this court on August 11, 2023, because, at all times relevant, Chesapeake Health Care was deemed a Public Health Service ("PHS") employee under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b), 2671 *et seq.* (ECF No. 1; ECF No. 1-3.) On October 11, 2023, the court ordered that the United States be substituted for Chesapeake Health Care as a Defendant on that same basis—Chesapeake Health Care as a PHS employee was acting within the scope of its office or employment in its treatment of Plaintiff. (ECF No. 1-3; ECF No. 10-1 ¶ 5; ECF No. 11.) Accordingly, the United States, Defendant Borge, and Defendant Gordy are the present Defendants in this action. Plaintiff has failed to effectuate service upon Defendants Borge and Gordy either prior to or following removal of the action to this court.[2]

## II. LEGAL STANDARDS

### A. Federal Rule of Civil Procedure 12(b)(1)

"Rule 12(b)(1) of the Federal Rules of Civil Procedure authorizes dismissal for lack of subject matter jurisdiction." *Barnett v. United States*, 193 F. Supp. 3d 515, 518 (D. Md. 2016). "The plaintiff bears the burden of proving, by a preponderance of evidence, the existence of subject matter jurisdiction." *Mayor & City Council of Balt. v. Trump*, 416 F. Supp. 3d 452, 479 (D. Md.

---

[2] The court may take judicial notice of matters in the public record and publicly available information on state and federal government websites. *Chesapeake Bay Found., Inc. v. Severstal Sparrows Point, LLC*, 794 F. Supp. 2d 602, 611 (D. Md. 2011) (quoting *Philips v. Pitt Cnty. Mem'l Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009)); *United States v. Garcia*, 855 F.3d 615, 621 (4th Cir. 2017).

2019).  Subject matter jurisdiction challenges may proceed in two ways: a facial challenge or a factual challenge.  *Id.*  A facial challenge asserts "that the allegations pleaded in the complaint are insufficient to establish subject matter jurisdiction."  *Id.*  A factual challenge asserts "that the jurisdictional allegations of the complaint [are] not true."  *Id.* (quoting *Kerns v. United States*, 585 F.3d 187, 192 (4th Cir. 2009)).  "In a facial challenge, 'the facts alleged in the complaint are taken as true, and the motion must be denied if the complaint alleges sufficient facts to invoke subject matter jurisdiction.'"  *Id.* (quoting *Kerns*, 585 F.3d at 192 (instructing that in a facial challenge to subject matter jurisdiction the plaintiff enjoys "the same procedural protection as . . . under a Rule 12(b)(6) consideration.")).  "[I]n a factual challenge, 'the district court is entitled to decide disputed issues of fact with respect to subject matter jurisdiction.'"  *Id.*  Here, the United States appears to mount a facial and factual challenge to the court's jurisdiction.

The United States asserts that the doctrine of sovereign immunity bars Plaintiff's claim by operation of the FTCA and deprives this court of jurisdiction.  (ECF No. 18 at p. 5.)  The defense of sovereign immunity is a jurisdictional bar because "sovereign immunity deprives federal courts of jurisdiction to hear claims, and a court finding that a party is entitled to sovereign immunity must dismiss the action for lack of subject-matter jurisdiction."  *Cunningham v. Gen. Dynamics Info. Tech.*, 888 F.3d 640, 649 (4th Cir. 2018) (quoting *Ackerson v. Bean Dredging LLC*, 589 F.3d 196, 207 (5th Cir. 2009)).  "Given the unique attributes of sovereign immunity, we have held that the burden of proof falls to an entity seeking immunity as an arm of the state, even though a plaintiff generally bears the burden to prove subject matter jurisdiction."  *Williams v. Big Picture Loans, LLC*, 929 F.3d 170, 176 (4th Cir. 2019) (citing *Hutto v. S.C. Ret. Sys.*, 773 F.3d 536, 543 (4th Cir. 2014)).  As such, the court will consider the Declaration of Meredith Torres that Defendant offers in support of its argument as to the court's jurisdiction.  (ECF No. 18-2.)

### B. Federal Rule of Civil Procedure 12(b)(5)

"A motion to dismiss for insufficient service of process is permitted by Federal Rule 12(b)(5)." *O'Meara v. Waters*, 464 F. Supp. 2d 474, 476 (D. Md. 2006). "Once service has been contested, the plaintiff bears the burden of establishing the validity of service pursuant to Rule 4." *Id.* "Generally, when service of process gives the defendant actual notice of the pending action, the courts may construe Rule 4 liberally to effectuate service and uphold the jurisdiction of the court." *Id.* (citing *Karlsson v. Rabinowitz*, 318 F.2d 666, 668 (4th Cir. 1963) and *Armco, Inc. v. Penrod–Stauffer Bldg. Sys., Inc.*, 733 F.2d 1087, 1089 (4th Cir. 1984)).

### III. ANALYSIS

As an initial matter, the court is ever mindful that "*pro se* pleadings are liberally construed and held to a less stringent standard than pleadings drafted by lawyers." *Gray v. Wash. Metro Area Transit Auth.*, No. DKC-16-1792, 2017 WL 511910, at *2 (D. Md. Feb. 8, 2017) (citing *Erickson v. Paradus*, 551 U.S. 89, 94 (2007)). "Liberal construction means that the court will read the pleadings to state a valid claim to the extent that it is possible to do so from the facts available; it does not mean that the court should rewrite the complaint to include claims never presented." *Id.* (citations omitted).

In its Motion, the United States asserts two arguments: (1) its sovereign immunity is not waived pursuant to the FTCA because Plaintiff failed to comply with the administrative exhaustion requirements prior to suit, and (2) Plaintiff has failed to effectuate service upon Defendants Borge and Gordy. (ECF No. 18-1 at p. 5–6.) As noted, Plaintiff has not responded.

### A. Rule 12(b)(1) – The FSHCAA, FTCA, and Sovereign Immunity

"[T]he FSHCAA 'essentially makes the U.S. government the medical malpractice insurer for qualifying . . . health centers, their officers, employees, and contractors.'" *Ford v. Sandhills*

4

*Med. Found., Inc.*, 97 F.4th 252, 258 (4th Cir. 2024) (quoting *Dedrick v. Youngblood*, 200 F.3d 744, 745 (11th Cir. 2000)). "If an entity receives PHS employee status, then § 233(a) [of the FSHCAA] provides the entity immunity from 'damage for personal injury, including death, *resulting from the performance of medical, surgical, dental, or related functions* . . . by any commissioned officer or employee of the Public Health Service while acting within the scope of his office or employment." *Id.* at 257 (quoting 42 U.S.C. § 233(a)). A claim subject to section 233(a) is "treated as one brought against the United States within the purview of the FTCA," and the United States should be substituted as a defendant. *Id.* at 257–58 (citing *Hui v. Castaneda*, 559 U.S. 799, 802 (2010) and 42 U.S.C. § 233(a)). The United States provided documentation showing Chesapeake Health Care to be a PHS employee; on that basis, the court substituted the United States as the proper party under the FTCA. (ECF Nos. 10, 10-1, 10-2, 11.) Moreover, Plaintiff's allegations of inadequate medical care and treatment while a patient at Chesapeake Health Care plainly concern a *"*medical, surgical, dental, or related function[]." 42 U.S.C. § 233(a).

"As a general matter, the United States is immune from suit unless it waives that immunity." *Clendening v. United States*, 19 F.4th 421, 426 (4th Cir. 2021) (quoting *Sanders v. United States*, 937 F.3d 316, 327 (4th Cir. 2019)). "Sovereign immunity can be waived only by the sovereign; the circumstances of its waiver must be scrupulously observed and not expanded by the courts." *Kokotis v. U.S. Postal Serv.*, 223 F.3d 275, 278 (4th Cir. 2000). The FTCA "creates a limited waiver of the United States' sovereign immunity, generally making the Government liable in tort 'in the same manner and to the same extent as a private individual under like circumstances.'" *Id.* (citing 28 U.S.C. § 2674). It is "[p]recisely because the FTCA constitutes a

waiver of sovereign immunity" that a plaintiff must comply with the prerequisite prior to filing an FTCA action. *Kokotis*, 223 F.3d at 278.

One such prerequisite is that a plaintiff "must 'present' [his] claim to the appropriate administrative agency for determination" prior to commencing an action in court. *Head v. Rakowski*, 695 F. Supp. 3d 663, 681–82 (D. Md. 2023) (quoting *Ahmed v. United States*, 30 F.3d 514, 516 (4th Cir. 1994)); *see* 28 U.S.C. § 2675(a) ("An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail."). An FTCA claim is properly presented where "the government receives a completed SF 95 (or other written notification of an incident), *and* 'a claim for money damages *in a sum certain*.'" *Id.* (emphasis in original) (citation omitted). Presentation of the administrative claim is a "key jurisdictional prerequisite to filing suit under the FTCA." *Kokotis*, 223 F.3d at 278. "[T]he requirement of filing an administrative claim is jurisdictional and may not be waived." *Id.* (quoting *Henderson v. United States,* 785 F.2d 121, 123 (4th Cir. 1986)); *see Est. of Van Emburgh by & through Van Emburgh v. United States*, 95 F.4th 795, 800 (4th Cir. 2024) (identifying the administrative exhaustion requirement as a jurisdictional prerequisite).

Having concluded that the United States is the proper party substituted for Chesapeake Health Care by operation of the FSHCAA, *see* ECF No. 11, Plaintiff's action alleging medical malpractice is subject to the requirements of the FTCA. Plaintiff was thus required to present his administrative claim to the appropriate federal agency for determination prior to filing suit. *See*

*Head*, 695 F. Supp. 3d at 681–82, *supra*. Plaintiff's Complaint contains no allegation that he has done so. The Declaration of Meredith Torres, a Senior Attorney with the U.S. Department of Health and Human Services, provides that she conducted a search of the database that records all administrative tort claims and confirmed there is "no record of an administrative tort claim filed by [Plaintiff], and/or an authorized representative relating to [his] medical care and treatment." (ECF No. 18-2 ¶ 4.) Plaintiff offers no opposition to the United States' argument that he failed to comply with the administrative claim requirement, nor does he offer any evidence or argument to challenge the Torres Declaration. The court is thus persuaded that the United States has met its burden to demonstrate that Plaintiff failed to comply with the administrative complaint procedure under the FTCA, and the claim at issue is thus not properly within the jurisdiction of this court. Plaintiff's failure to comply with a necessary prerequisite of the United States's waiver of sovereign immunity under the FTCA deprives this court of jurisdiction, and his Complaint will therefore be dismissed as against the United States.

### B. Rule 12(b)(5) – Insufficient Service of Process

The United States also argues that Defendants Borge and Gordy must be dismissed because Plaintiff has failed to properly serve them. Plaintiff has not responded. Pursuant to Federal Rule of Civil Procedure 4, a plaintiff must serve a summons and the complaint upon a defendant within 90 days after the complaint is filed. FED. R. CIV. P. 4(c), (m). If a plaintiff fails to effectuate timely service, the court may, "on motion or on its own after notice to the plaintiff," dismiss the action without prejudice as against the defendant. FED. R. CIV. P. 4(m). The analogous provision of the Maryland Rules applicable to the state district courts provides: "An action against any defendant who has not been served . . . is subject to dismissal as to that defendant at the expiration of one year from the last issuance of original process directed to that defendant." MD. RULE 3-507(a).

7

Plaintiff initiated this action in the District Court for Wicomico County, Maryland on January 23, 2023.[3] (ECF No. 1-1.) The district court issued summonses for all Defendants on January 25, 2023. *Id.* The return of service was entered as "not served" for the two individual Defendants. *Id.* Similarly, the action was removed to this court on August 11, 2023, and more than 90 days have passed without service of process on the individual Defendants. Thus, pursuant to the applicable service of process rules, Plaintiff has failed to effectuate timely service on the individual Defendants prior to or following removal. *See* MD. RULE 3-507(a); FED. R. CIV. P. 4(m). Plaintiff has also failed to respond to the Motion seeking dismissal for the lack of service, and has not communicated to this court any attempt to effectuate service. *See* FED. R. CIV. P. 4(m); *O'Meara*, 464 F. Supp. 2d at 476, *supra*. Therefore, in accordance with Federal Rules of Civil Procedure 12(b)(5) and 4(m), this action will be dismissed as against Defendants Borge and Gordy.

## IV.  CONCLUSION

For the reasons set forth herein, by separate order, the United States' Motion to Dismiss (ECF No. 18) will be granted, and Plaintiff's Complaint will be dismissed without prejudice.[4]

Date: July 30, 2024

/s/_____
Julie R. Rubin
United States District Judge

---

[3] As explained *supra* at note 2, the court may take judicial notice of the state court docket.

[4] A dismissal for a defect in subject matter jurisdiction "must be one without prejudice, because a court that lacks jurisdiction has no power to adjudicate and dispose of a claim on the merits." *Goldman v. Brink*, 41 F.4th 366, 369 (4th Cir. 2022).